Filed 9/16/25  P. v. Johnson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TERTRON RAVSHAUGHA JOHNSON,<br><br>        Defendant and Appellant. | A172495<br><br>(San Francisco City and County Super. Ct. No. CRI-23017423) |

Defendant Tertron Johnson pled guilty to one count of domestic violence, and the trial court suspended imposition of the sentence and placed him on probation.  Several months later, the court revoked probation and sentenced Johnson to three years in prison.  He appealed, and his appellate counsel asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Johnson was informed of his right to file a supplemental brief and did not do so.

We conclude that a criminal protective order entered under Penal Code section 136.2, subdivision (i), was unauthorized because it barred Johnson from contact with the victim of the incident for which his probation was revoked, not the victim of the domestic violence of which he was convicted.

Thus, we strike the protective order.[1]  We also order that a clerical error in the abstract of judgment be corrected.  Otherwise, we conclude there are no arguable issues and affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

After an October 2023 fight with his girlfriend, C.C., then 21-year-old Johnson was charged with five felony counts:  domestic violence, assault with force likely to cause great bodily injury, false imprisonment, criminal threats, and assault with a firearm.[2]  The following January, under a plea agreement, he pled guilty to domestic violence, and the remaining charges were dismissed.  On February 5, 2024, the trial court suspended imposition of the sentence and placed Johnson on formal probation for three years with various terms and conditions, including that he not possess any firearms.  The court also entered a three-year protective order under section 136.2, subdivision (i), prohibiting Johnson from having contact with C.C.

---

[1] In the interest of judicial economy, we order the protective order stricken without first requesting supplemental briefing.  Any party wishing to address this issue may petition for rehearing under Government Code section 68081.  All further statutory references are to the Penal Code.

[2] The charges were brought under sections 273.5, subdivision (a) (domestic violence), 245, subdivisions (a)(2) (assault with firearm) and (a)(4) (assault with force likely to cause great bodily injury), 236 (false imprisonment), and 422 (criminal threats).  It was also alleged as to the firearm-assault charge that Johnson personally used a firearm under section 12022, subdivision (a)(1), and as to the criminal-threats charge that he was personally armed with a firearm under section 12022.5, subdivision (a).  Finally, a great-violence aggravating circumstance was alleged as to both assaults under California Rules of Court, rule 4.421(a)(1), and a weapon aggravating circumstance was alleged as to the firearm assault under California Rules of Court, rule 4.421(a)(2).

Four months later, the probation department filed a motion to revoke Johnson's probation based on a May 2024 incident between him and a different woman, K.K. During a contested probation-revocation hearing, K.K. testified that she and Johnson had dated but broke up shortly before the incident. After Johnson asked her for money during a phone call and she indicated she had $300, the two agreed to meet in person near her residence.

K.K. testified that initially, Johnson was "bragging that he [had] . . . a new gun" and pulled out a Glock 45 handgun to show her and her 13-year-old brother, who was also present. Johnson then put the gun in his jacket pocket. He asked K.K. for $300, but because he refused to apologize for a prior incident, she told him she would give him only $40 as "gas money" for coming to her home. Johnson became "irritated," and he took K.K.'s cell phone from her pocket. As she tried to get the phone back, Johnson pushed the firearm, which was still in his pocket, against her chest a few times. K.K. then ran back to her house and called 911. Johnson left, and K.K. never recovered her phone.

Johnson denied most of what K.K. claimed. He testified that the two were acquaintances but never dated or had a sexual relationship. She volunteered that she had $500, and he agreed to meet her with the expectation that she would give him some money. He denied ever owning or possessing a firearm in the past several years, including during the incident at issue. Johnson claimed that he originally paid for K.K.'s cell phone as part of an arrangement involving unpaid bills that prevented him from getting a phone in his own name, but he admitted that he took the phone from her and never gave it back.

The trial court indicated that it believed K.K.'s testimony that Johnson had a gun, even though other portions of her testimony were not fully

3

credible.  The court then found by a preponderance of the evidence that Johnson violated the terms of his probation.  On December 11, 2024, the court revoked and terminated probation and sentenced him to the midterm of three years in prison for domestic violence, with total custody credits of 577 days.  It also entered a three-year protective order under section 136.2, subdivision (i), prohibiting Johnson from having contact with K.K.

## II.
### DISCUSSION

Having independently reviewed the record, we conclude the December 2024 protective order as to K.K. was not authorized under the governing statute.[3]  Under section 136.2, subdivision (i), "[w]hen a criminal defendant has been convicted of a crime involving domestic violence, . . . the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with a victim of *the* crime." (§ 136.2, subd. (i)(1), italics added.)  Similarly, a court sentencing a defendant "convicted of a crime involving domestic violence . . . shall consider issuing an order restraining the defendant from any contact with a percipient witness to *the* crime if it can be established by clear and convincing evidence that the witness has been harassed." (§ 136.2, subd. (i)(2), italics added.)  Thus, by the statute's plain terms, the protected person must be a victim or witness of the qualifying crime of which the defendant was *convicted*. (*People v. Walts*

---

[3] Johnson did not appeal from the February 2024 order placing him on probation after his plea, precluding challenges to the proceedings through that date.  We are not convinced he is entitled to *Wende* review of the order revoking probation, as opposed to the ultimate sentencing. (See *People v. Freeman* (2021) 61 Cal.App.5th 126, 133.)  Nonetheless, we have considered whether any arguable issues exist as to both the proceedings on the revocation petition and the December 2024 sentencing. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 [court has discretion to independently review record in postconviction appeal].)

4

(2025) 112 Cal.App.5th 127, 143.) Since Johnson was not convicted of any crime against K.K., the order barring him from contact with her must be stricken.

The abstract of judgment also contains a clerical error that must be corrected. The abstract indicates that Johnson was convicted of domestic violence on November 4, 2024, by the trial court. In fact, that date is the date the court found he violated probation. The abstract should instead reflect that he was convicted by plea on January 12, 2024.

Otherwise, our independent review does not reveal any other errors or arguable issues. Johnson was represented by counsel below, substantial evidence supported revoking his probation, and aside from the protective order, no error appears in the trial court's sentencing decisions.

## III.
### DISPOSITION

The protective order as to K.K. is stricken. The December 11, 2024 order revoking probation and judgment are otherwise affirmed. The trial court is directed to correct the abstract of judgment to reflect that Johnson was convicted on January 12, 2024, under a plea, and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

5

_____

Humes, P.J.

WE CONCUR:


_____

Banke, J.


_____

Smiley, J.

*People v. Johnson*  A172495

6